## BARNETT *v.* McCONNELL, sheriff.

This being a contest on a rule to distribute money in the sheriff's hands, arising from the sale of certain personal property, and the contestants being two creditors holding mortgages on such property, executed by the debtor on the same day, but filed for record at different times, and the evidence being conflicting as to which mortgage was first executed, and also as to whether the holder of the mortgage first filed had, at the time of receiving it, notice of the existence of the other mortgage, a judgment by the trial judge presiding without a jury, awarding the fund to the mortgage first filed, will not be disturbed.

Submitted April 13, — Decided May 5, 1897.

Money rule.    Before Judge Harris.    City court of Floyd county.    February term, 1896.

*J. B. F. Lumpkin*, for plaintiff in error.

Cobb, J.    This was a contest between two creditors holding mortgages executed by the debtor on the same day on certain personal property.    Barnett brought a rule against the sheriff,

and claimed the money in his hands arising out of the sale of the property under the foreclosure of a mortgage, dated June 1, 1895, and recorded five days thereafter. Bass Brothers & Company were made a party to the rule, and claimed the money on an execution issued on the foreclosure of a mortgage dated June 1, 1895, and recorded on the day of its execution. The evidence was conflicting as to which mortgage was first recorded, and also as to whether Bass Brothers & Company, the holders of the mortgage first filed, at the time of receiving it, had notice of the existence of the mortgage given to Barnett. The trial judge, presiding without a jury, awarded the fund to Bass Brothers & Company ; and we can not say that he erred in so doing. An examination of the evidence discloses a state of facts where it is impossible for this court to tell what was the truth in regard to the two questions of fact that the judge passed upon ; and his judgment, under the circumstances, in awarding the fund to the more diligent creditor, will not be disturbed.

*Judgment affirmed. All the Justices concurring.*